IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUCA PARRILLO**, on behalf of himself and all persons similarly situated<br>1027 Feist Avenue<br>Pottstown, Pennsylvania, 19464; <br><br>**Plaintiff,**<br><br>v.<br><br>**C GEYER CONSTRUCTION LLC;**<br>**C. GEYER CONSTRUCTION SERVICES INC.;**<br>**CRAIG GEYER**,<br>1005 Rhoades Avenue<br>Secane, PA 19018<br><br>**Defendants.** | :<br>:<br>:<br>:<br>: **CLASS ACTION**<br>:<br>: **CIVIL ACTION NO.:**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### CLASS ACTION COMPLAINT

Plaintiff Luca Parrillo, by undersigned counsel, seeks all available relief for unpaid overtime, unpaid prevailing wages, retaliation, and falsified W-2 forms, against Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101 *et seq*. ("PMWA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq* ("WPCL"), the Pennsylvania Prevailing Wage Act, 43 P.S. § 165-1 *et seq* ("PPWA"), and 26 U.S.C. § 7434 ("Section 7434").[1]

### JURISDICTION AND VENUE

1.   Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and

---

[1] Plaintiff brings claims under Section 7434 on behalf of himself and all others similarly situated under Fed. R. Civ. P. 23. All allegations as to Plaintiff are made based on his personal knowledge, and all allegations as to others are based upon information and belief.

28 U.S.C. § 1331.  Any claims arising under state law are properly before this Court pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  The events giving rise to Plaintiff's claims occurred within this District, and Defendant conducts business in this District.

## PARTIES

3. Plaintiff Luca Parrillo ("Parrillo" or "Plaintiff") is an individual currently residing in Pottstown, Pennsylvania.  He has been employed by Defendants as a Heavy Equipment Operator from approximately March 2022 through January 2023.  Pursuant to 29 U.S.C. § 216(b), Parrillo has consented in writing to being a plaintiff in this action.  See Ex. A.

4. Defendant C Geyer Construction LLC ("Geyer LLC"), is a Pennsylvania Limited Liability Company headquartered in Secane, Pennsylvania.

5. Defendant C. Geyer Construction Services Inc ("Geyer Inc"), collectively with Geyer LLC, "Corporate Defendants"), is a Pennsylvania Corporation headquartered in Secane, Pennsylvania.

6. Defendant Craig Geyer ("Craig") is the owner, principal and managing agent for Corporate Defendants and was responsible for designing and implementing the illegal payroll practices at issue in this action.

7. Defendants are in the business of construction services, predominantly on publicly funded projects which are subject to prevailing wage laws.  Defendants operate out of their headquarters in Secane.

8. Pursuant to 26 U.S.C. § 7434(d), this Complaint is being provided to the Internal Revenue Service.

## CLASS DEFINITION

9. Plaintiff brings Count V of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current or former employees of C Geyer Construction LLC or C Geyer Construction Services, Inc. (collectively "C. Geyer") who worked on a publicly funded construction project and were issued an Internal Revenue Service Form W-2 by C. Geyer at any time within the past six years (the "Class").

10. Plaintiff reserves the right to redefine the Class and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

### Individual Liability – Craig Geyer

11. Defendant Craig is an owner and managing agent of Corporate Defendants.

12. Craig directed the work of Plaintiff, both directly and through intermediary supervisors.

13. Craig had the power to, and did, hire, fire and discipline Plaintiff.

14. Craig controlled payroll decisions of Corporate Defendants, including the decision not to pay Plaintiff prevailing wage and overtime wage compensation.

15. Craig was in charge of human resource and employee safety issues at Corporate Defendants.

16. As described herein, Craig exercised supervisory authority over Plaintiff and also exercised discretionary control over payroll decisions with respect to Plaintiff. Thus, Craig also was an employer within the meaning of the FLSA, PMWA, PPWA and WPCL.

### Single Employer/Alter-Egos

17. Corporate Defendants constitute a single employer and are alter-egos of each other for at least the following reasons:

a. Geyer LLC is in the same line of business (construction services) as Geyer Inc.;

b. Geyer LLC had the same ownership, executive (and subordinate) management as Geyer Inc., including at least Craig Geyer.

c. Geyer LLC generally employed the same or similar employees as Geyer Inc (construction workers) and utilized the same human resources and labor relations personnel.

d. Geyer LLC generally operated out of the same physical location(s) as Geyer Inc in Secane, Pennsylvania.

e. Geyer LLC generally served the same or similar customers as Geyer Inc (public entities).

f. Geyer LLC generally possessed the same or similar assets and equipment as Geyer Inc.

**Compensation Structure**

18. From approximately March 2022 until approximately January 30, 2023, Plaintiff worked for Defendants on average approximately 40 hours per week as a Heavy Equipment Operator. Plaintiff worked exclusively on state funded projects which were subject to the PPWA's prevailing wage requirements.

19. Plaintiff worked several weeks in excess of 40 hours. For example, for week ending 4/23/2022, Plaintiff worked 42.3 hours.

20. Plaintiff worked on three PPWA-covered projects (collectively the "Public Projects") as a Heavy Equipment Operator during his employment:

a. Ben Franklin Middle School, Bristol, PA (remodel);

b. Lincoln University, Oxford, PA (ground-up construction);

4

  c. Lampeter-Strasburg High School, Lampeter, PA (ground-up construction).

21. Each of the Public Projects were bid and contracted for under a corresponding Public Contract. Each Public Contract contained required PPWA stipulations, including that all workers on the project be paid the corresponding minimum prevailing wage for all hours worked, in accordance with the type or classification of work for each employee.

22. Plaintiff performed Heavy Equipment Operator work for Defendants on the above-mentioned public works projects and was an intended third-party beneficiary of the Public Contracts.

23. Under the PPWA, the required minimum prevailing wage is made up of two component parts: (1) a base cash rate per hour; and (2) a fringe benefit rate per hour. The PPWA permits employers to count certain types of fringe benefits bestowed upon employees against the fringe benefit rate per hour, but if the employer provides fringe benefits equal to less than the fringe rate per hour (or no benefits all), the PPWA requires that the balance be paid directly into the employee's paycheck as part of the base cash wage.

24. As a Heavy Equipment Operator, pursuant to the PPWA, Plaintiff was required to be paid at least the following minimum prevailing wages for each hour worked on the above-mentioned publicly funded projects:

  a. Wage Group 2: $49.25 in base cash wages per hour and $31.44 in fringe wages per hour (total prevailing wage rate of $80.69 per hour);

  b. Wage Group 2A: $52.26 in base cash wages per hour and $32.32 in fringe wages per hour (total prevailing wage rate of $84.58 per hour).

25. Defendants violated the PPWA because they only ever paid Plaintiff the base cash rate per hour, plus $12.39 in cash wages, but provided Plaintiff only poor single (non-family)

health insurance with high copays and deductibles (having an actual cost to the employer of only about $3-5 per hour worked) which Defendants counted towards the fringe benefit rate per hour.

26. Because Defendants provided minimal fringe benefits, to comply with the PPWA, they were required to pay Plaintiff either approximately $75.69 - $77.69 per hour or $79.58 - $81.58 per hour in cash wages directly into his paycheck.

27. Thus, if Plaintiff was performing work that fell into the Wage Group 2 Operator classification, Defendants underpaid him by approximately $14.05 to $16.05 for each hour worked. If Plaintiff was performing work that fell within the Wage Group 2A classification, Defendants underpaid him by approximately $14.93 to $16.93 for each hour worked.

28. In the instances where Plaintiff's work exceeded 40 hours in a workweek, Defendants compensated Plaintiff at only 1.5x the *base wage* for overtime hours (i.e., Defendants excluded the $12.39 per hour it paid to Plaintiff in cash wages from their overtime calculations and did not factor the unpaid cash fringe wages into overtime compensation at all).

## Fraudulent Tax Reporting

29. Defendants' fringe wage payments to Plaintiff (the $12.39 per hour) were not made on regular paydays and were instead made at odd intervals, such as once per month.

30. As of the termination of Plaintiff's employment, he was not paid any fringe wages for approximately his last month of work (January 2023).

31. Defendants did not withhold or remit federal or state income taxes or payroll taxes for the $12.39 per hour it paid to Plaintiff in cash wages in lieu of fringe benefits.

32. In approximately late January 2023, Defendants issued Plaintiff an IRS Form W-2, which stated that his wages, tips and other compensation totaled $82,370.99 for tax year 2022 (Box 1). However, this amount only reflected his *base wages*, <u>not</u> any of the *cash wages paid to directly*

*to Plaintiff* in lieu of fringe benefits (i.e., the $12.39 per hour).

33. As reflected in his year-end paystub, in tax year 2022, Plaintiff was paid $26,090.97 in fringe cash wages. This amount was completely omitted from Plaintiff's 2022 W-2. Defendants did not issue Plaintiff an IRS Form 1099 or any other secondary information return listing the fringe cash wages, and thus never reported this compensation to the United States Government.

34. Defendants similarly failed to report Class Members' fringe wage payments to the United States Government, thereby issuing inaccurate W-2s to Class Members.

35. Defendants purposely and fraudulently issued Plaintiff and Class Members W-2 information returns with artificially depressed taxable income.

36. Defendants did this for the purpose of avoiding its withholding and reporting obligations to the United States Government so that it could attempt to pay their employees less than the legally mandated prevailing wage. In other words, Defendants believed that if they did not withhold and report all wage income, they could falsely lead Plaintiff and Class Members to believe this income was "not taxable" and therefore Plaintiff and Class Members would be willing to work for less than the full prevailing wage. Defendants' scheme allowed them to gain an unfair advantage against their competitors (since Public Contracts are bid on a lowest bidder basis).

**Willfulness/Retaliation**

37. On January 30, 2023, Plaintiff filed a "Minimum Wage or Overtime" complaint (the "Overtime Complaint") online with the Pennsylvania Department of Labor & Industry, Bureau of Labor Law Compliance ("PADLI") concerning his work for Defendants and his unpaid wages.

38. In the Overtime Complaint, Plaintiff stated "I was not paid the correct fringe benefit rate and I never was paid 1.5X the fringe benefit rate that I received as wages."

7

39. That same day, Craig received notice of the Overtime Complaint. That evening at 9:49 p.m., Craig sent Plaintiff an email stating that he could not continue to employ Plaintiff due to a very minor shoulder injury that Plaintiff had suffered from mountain biking approximately a month prior (which only kept Plaintiff out of work for a single day). Plaintiff had successfully worked for Defendants during this month. Craig knew that Plaintiff suffered the injury and continued to work without issue. See Ex. B.

40. After a follow-up inquiry from Plaintiff asking when he could return to work, Craig responded the next day at 5:31 p.m. that Plaintiff was laid off and wished Plaintiff "[g]ood luck with the labor relations board," a clear reference to Plaintiff's Overtime Complaint filed with PADLI. See Ex. C.

41. Craig's statement that Plaintiff could not work for Defendants due to the prior injury was a pretextual excuse for Craig's illegal retaliatory termination of Plaintiff for filing the Overtime Complaint.

42. Defendants knew that Plaintiff was not paid an overtime premium of 150% of his regular hourly rate of pay (i.e., all cash renumeration paid, including both the hourly base rate and the cash fringe rate) for all hours worked in excess of forty (40) in a workweek and knew Plaintiff was not exempt from an entitlement to an overtime premium under either the FLSA or the PMWA.

43. Defendants are sophisticated businesses and a business owner with access to knowledgeable human resource specialists and competent labor counsel.

44. Defendants acted willfully and with reckless disregard of clear FLSA and PMWA provisions by failing to compensate Plaintiff with an overtime premium of 150% of his regular rate of pay for all hours worked in excess of 40 during the workweek.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings Count V of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Class as defined above.

46. The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 30 members of the class.

47. Plaintiff will fairly and adequately represent and protect the interests of the Class because there is no conflict between the claims of Plaintiff and those of the Class, and Plaintiff's claims are typical of the claims of the Class. Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

48. There are questions of law and fact common to the proposed class, which predominate over any questions affecting only individual class members, including, without limitation: whether Defendants violated and continues to violate the federal tax code through their policy or practice of failing to properly report all wages paid to employees, including prevailing fringe wages in annual IRS Forms W-2.

49. Plaintiff's claims are typical of the claims of the class in the following ways, without limitation: (a) Plaintiff is a member of the Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the class members.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions

of law and fact common to the classes predominate over any questions affecting only individual class members.

51. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The class is readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

52. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

53. Without a class action, Defendants will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and class members. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**Unpaid Overtime, FLSA**
**(Plaintiff v. Defendants)**

54. All previous paragraphs are incorporated as though fully set forth herein.

55. The FLSA requires that covered employees be compensated at a rate of not less

than one and one half their regular rate of pay ("Overtime Rate") for all hours worked in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1).

56. Corporate Defendants are subject to the wage requirements of the FLSA because they are each an "employer" under 29 U.S.C. § 203(d).

57. Corporate Defendants are further a single employer (and alter-egos of each other) because they are functionally integrated with common facilities, common labor relations personnel, and common ownership and managing agents including co-Defendant Craig.

58. Craig is subject to the wage requirements of the FLSA because he is an "employer" under 29 U.S.C. § 203(d), as he exercised supervisory control over Plaintiff and accordingly acted in the interest of Corporate Defendants in designing and enforcing the illegal payroll practices at issue in this action.

59. During all relevant times, Plaintiff was a covered employee of Defendants, and as such was entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

60. Plaintiff is not exempt from the requirements of the FLSA. Plaintiff is entitled to be paid at 150% of their regular hourly rates for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

61. Defendants failed to comply with 29 U.S.C. § 207(a)(1) by failing to compensate Plaintiff at 150% of his regular hourly rate of pay (i.e., all cash compensation due under the PPWA, including both base and fringe payments) for all hours worked over forty (40) in a workweek.

62. Defendants knowingly failed to compensate Plaintiff at 150% of his regular hourly rate of pay (including all paid and unpaid prevailing base and fringe wages) for all hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

63. Defendants also failed to make, keep, and preserve records with respect to Plaintiff

sufficient to determine his wages, hours, and other conditions of employment in violation of the FLSA.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

64. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

65. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II
## Unpaid Overtime, PMWA
### (Plaintiff v. Defendants)

66. All previous paragraphs are incorporated as though fully set forth herein.

67. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked.  *See* 43 P.S. § 333.104(a) and 34 PA. CODE § 231.21(b).

68. The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at Overtime Rate.  *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

69. Defendants are subject to the overtime requirements of the PMWA because Defendants are employers under 43 P.S. § 333.103(g).

70. As principals and managing against of Corporate Defendants and those who controlled payroll decisions, including the decision not to pay Plaintiff his full due overtime premium, Craig was an employer of Plaintiff within the meaning of the PMWA.  *See, e.g., Schneider v. IT Factor Prods.,* No. 13-5970, 2013 WL 6476555 (E.D. Pa. Dec. 10, 2013).

71. During all relevant times, Plaintiff was a covered employee entitled to the above-

described PMWA protections.  *See* 43 P.S. § 333.103(h).

72. Defendants failed to compensate Plaintiff at an Overtime Rate for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

73. Pursuant 43 P.S. § 333.113, employers, such as Defendants, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses not paid, interest, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT III
## Unpaid Wages, WPCL
### (Plaintiff v. Defendants)

74. All previous paragraphs are incorporated as though fully set forth herein.

75. The WPCL requires that an employer timely pay all wages, including prevailing wages, in accordance with the terms of an employment contract.  *See* 43 P.S. § 260.3.

76. The PPWA and Public Contracts required Corporate Defendants to pay Plaintiff the prevailing wage (including base rate and fringe rate) for all hours worked at the Heavy Equipment Operator rate.

77. Defendants breached the PPWA, Public Contracts and the WPCL by failing to pay Plaintiff the full prevailing wage for all hours worked at the Heavy Equipment Operator rates.  Defendants further committed a breach by failing to *timely* pay even the sub-prevailing fringe wages they eventually did pay to Plaintiff (because Plaintiff was paid fringes only on a monthly basis).

78. Plaintiff is damaged by Defendants' breaches of the WPCL.

79. Employers such as Corporate Defendants who violate the WPCL are liable for all of the unpaid wages due under the Public Contracts, 25% of the unpaid commission as liquidated damages, and reasonable attorneys' fees and costs.  43 P.S. §§ 260.3, 260.9a(f), 260.10.

80. As the individual who had authority over and was responsible for Corporate Defendants' nonpayment of Plaintiff's wages, Defendant Craig is an "employer" within the meaning the WPCL and may be held individually liable for the nonpayment of Plaintiff's wages. *See* 43 P.S. § 260.2a; *see also Faden v. deVitry*, 425 Pa. Super. 555, 625 A.2d 1236, 1239 (Pa. Super. 1993).

81. As the corporate officers who actively participated in the decision not to pay Plaintiff his contractual wages, Defendant Craig is an "employer" within the meaning of the WPCL and may be held individually liable for the nonpayment of Plaintiff's wages. *See* 43 Pa. Stat. Ann. § 260.2a; *see also Faden v. deVitry*, 425 Pa. Super. 555, 625 A.2d 1236, 1239 (Pa. Super. 1993).

## COUNT IV
## Unpaid Prevailing Wage, PPWA
## (Plaintiff v. Defendants)

82. All previous paragraphs are incorporated as though fully set forth herein.

83. The PPWA requires that all workmen, including all laborers and mechanics, on public works projects are to be paid the minimum prevailing wage in accordance with the type of work performed. 43 P.S. § 165-5.

84. Defendants' Public Projects located in the State of Pennsylvania, are public works projects within the meaning of the PPWA.

85. The entities with which Defendants contracted are each a Pennsylvania "public body" within the meaning of the PPWA.

86. The Public Contracts amounts were well in excess of the PPWA contract threshold amount of $25,000.

87. Plaintiff was a workman within the meaning of the PPWA, and as such, was entitled to be paid the prevailing minimum wage for each hour worked on Defendants' Public Projects.

88. Plaintiff performed Heavy Equipment Operator duties on public works projects in Pennsylvania subject to PPWA prevailing wage requirements.

89. Plaintiff was entitled to the Operator minimum prevailing wages (including base rate and fringe rate) for each hour worked on Defendants' Public Projects.

90. Defendants violated the PPWA as it never paid Plaintiff the required prevailing minimum wages for hours worked on Public Projects in Pennsylvania.

91. Employers such as Defendants who fail to pay prevailing wages in conformance with the PPWA shall be liable to the employees for an amount equal to the unpaid wages. 43 P.S. § 165-13.

## COUNT V
## Violation of 26 U.S.C. § 7434
### (Plaintiff and the Class v. Defendants)

92. All previous paragraphs are incorporated as though fully set forth herein.

93. 26 U.S.C. § 7434(a) makes it illegal for any person to "willfully file[] a fraudulent information return with respect to payments purported to be made to any other person."

94. As described herein, Defendants each willfully and purposely filed false and fraudulent information returns (IRS Forms W-2) with respect to Plaintiff and Class Members' compensation because Defendants understated Plaintiff and Class Members' compensation in the W-2s by failing to include fringe wage payments.

95. 26 U.S.C. § 7434(b) provides that for any violation of Section 7434(a):

the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
> (2) the costs of the action, and
> (3) in the court's discretion, reasonable attorneys' fees.

96. Plaintiff and Class Members were damaged by Defendants' misrepresentation of their incomes in that Plaintiff's and Class Members' incomes were falsely understated to the government by Defendants, and payroll taxes and withholdings were correspondingly underpaid with respect to Plaintiff and Class Members.

**COUNT VI**
**Retaliation, FLSA**
**(Plaintiff v. Defendants)**

97. All previous paragraphs are incorporated as though fully set forth herein.

98. It is unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." See 29 U.S.C. § 215(a)(3).

99. The FLSA requires that covered employees be compensated at a rate of not less than one and one half their regular rate of pay ("Overtime Rate") for all hours worked in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1).

100. As previously explained, Defendants' compensation scheme applicable to Plaintiff failed to comply with 29 U.S.C. § 207 and the PMWA.

101. Plaintiff engaged in protected activity on or about January 30, 2023, when he filed the Overtime Complaint concerning unpaid overtime wages, of which Defendants had knowledge that day.

102. The very next day, Defendants retaliated against Plaintiff by terminating his employment.

103. Plaintiff's Overtime Complaint was the direct and proximate cause of Defendants' termination of Plaintiff's employment.

104. Plaintiff suffered significant emotional distress as a result of Defendants'

termination of his employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, seeks the following relief:

a. An order permitting Count V of this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Class;

b. Unpaid overtime wages and prejudgment interest to the fullest extent permitted under the law;

c. Liquidated damages, statutory damages and penalties to the fullest extent permitted under the law;

d. Out-of-pocket losses as a result of Defendants' misrepresentation of Plaintiff's and Class Members' incomes under 26 U.S.C. § 7434;

e. As to Plaintiff individually, back pay, front pay, compensatory and punitive damages due as a result of Defendants' retaliatory termination of Plaintiff's employment, to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

Dated: February 20, 2023

Respectfully Submitted,

GOODLEY MCCARTHY LLC

by:  /s/ James E. Goodley
James E. Goodley (PA 315331)
Ryan P. McCarthy (PA 323125)
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiff and the Class*