**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LUCA PARRILLO, on behalf of himself and : 
all persons similarly situated : 
        Plaintiff, :     Civil Action-Law
    vs. :     No: 23-636-GJP
C. GEYER CONSTRUCTION LLC, : 
C. GEYER CONSTRUCTION SERVICES, INC. : 
CRAIG GEYER : 
        Defendants. : 

**DEFENDANTS C. GEYER CONSTRUCTION, LLC, C. GEYER CONSTRUCTION SERVICES, INC., AND CRAIG GEYER ANSWER' TO PLAINTIFF'S COMPLAINT**

C. Geyer Construction, LLC, C. Geyer Construction Services, Inc., and Craig Geyer ("Geyer" or "Defendants"), by and through counsel, hereby files its Answer to Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

2. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

**PARTIES**

3. Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph.

4. Denied. By way of further response C. Geyer Construction. LLC is headquartered in and has a principal place of business 693 Painter St., Media PA 19063.

5. Denied. By way of further response C. Geyer Construction. LLC is headquartered in and has a principal place of business 693 Painter St., Media PA 19063.

1

6.      Admitted in part; Denied in part. It is admitted that Defendant Craig Geyer is the President and sole shareholder of C. Geyer Construction Services, Inc. Mr. Geyer is also the President of and sole member of C. Geyer Construction LLC. The terms "owner, principal, and managing agent" are undefined and therefore denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

7.      Admitted.

8.      Denied.  Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph.

## CLASS DEFINITION

9.      Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph.

10.     Denied. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

## FACTS

### Individual Liability- Craig Geyer

11.     Denied. By way of further response, Defendants incorporate their response to Paragraph 6 herein.

12.     Admitted.

13.     Admitted in part; Denied in part. It is admitted that Geyer had the power to hire, fire and discipline Plaintiff. The remaining allegations in this paragraph are specifically denied and strict proof is hereby demanded.

14.	Admitted in part; Denied in part. It is admitted that Geyer had the power to control payroll decisions. The remaining allegations in this paragraph are specifically denied and strict proof is hereby demanded.

15.	Denied. The terms "human resource" and "employee safety issues" are undefined and therefore vague. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph.

16.	Denied. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

### Single Employer/Alter-Egos

17.	(a-f). Denied. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

### Compensation Structure

18.	Admitted in part; Denied in part. It is admitted that Plaintiff worked for one of the Defendants at various times during the time period alleged in this paragraph. Plaintiff incorrectly classifies the weight of machinery operated by Defendant.

19.	Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph.

20.	(a-c) Admitted in part; Denied in part. It is admitted that Plaintiff worked for one of the Defendants at various times during the time period alleged in this paragraph. Plaintiff incorrectly classifies the weight of machinery operated by Defendant.

21.	Admitted upon information and belief.

22.     Denied. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded. Plaintiff incorrectly classifies the weight of machinery operated by Defendant.

23.     Denied. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

24.     Denied. By way of further response, Plaintiff miscalculates the prevailing wages by incorrectly classifying the weight of machinery operated by Plaintiff.

25.     Denied.

26.     Denied. By way of further response, Plaintiff miscalculates the prevailing wages by incorrectly classifying the weight of machinery operated by Plaintiff.

27.     Denied. By way of further response, Plaintiff miscalculates the prevailing wages by incorrectly classifying the weight of machinery operated by Plaintiff.

28.     Denied.

## **Fraudulent Tax Reporting**

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

**Willfulness/Retaliation**

37.    Admitted upon information and belief.

38.    Denied.

39.    Denied. The documents attached to Plaintiffs Complaint as "Exhibit B" speaks for itself. Any characterization of that document is denied.

40.    Denied. The documents attached to Plaintiffs Complaint as "Exhibit C" speaks for itself. Any characterization of that document is denied.

41.    Denied. By way of further response, Plaintiffs termination was related to poor work performance and insubordination.

42.    Denied.

43.    Admitted in part; Denied in part. It is admitted that Defendants have access to labor counsel. By way of further response Defendants at all times acted under the advice of their accountants. The remaining allegations in the paragraph are denied.

44.    Denied.

**Class Action Allegations**

45.    Denied. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

46.    Denied. By way of further response there are no other named class members.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied. By way of further response, a Class Action is improper based on the facts of this matter and the legal requirements have not been met.

51.     Denied. By way of further response, Plaintiff miscalculates the prevailing wages by incorrectly classifying the weight of machinery operated by Plaintiff.

52.     Denied. By way of further response, Plaintiff miscalculates the prevailing wages by incorrectly classifying the weight of machinery operated by Plaintiff.

53.     Denied. By way of further response, Plaintiff miscalculates the prevailing wages by incorrectly classifying the weight of machinery operated by Plaintiff.

## COUNT I: UNPAID OVERTIME, FLSA

54.     Defendants incorporate all previous paragraphs as though fully set forth herein.

55.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

56.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

57.     Denied.

58.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

59.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

60.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

61.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

62.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

63.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

64.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

65.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

## COUNT II: UNPAID OVERTIME PMWA

66.     Defendants incorporate all previous paragraphs as though fully set forth herein.

67.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

68.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

69.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

70.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

71.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

72.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

73.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

## COUNT III: UNPAID WAGES, WPCL

74.     Defendants incorporate all previous paragraphs as though fully set forth herein.

75.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

76.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded. By way of further response, Plaintiff miscalculates the prevailing wages by incorrectly classifying the weight of machinery operated by Plaintiff.

77.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded. By way of further response, Plaintiff miscalculates the prevailing wages by incorrectly classifying the weight of machinery operated by Plaintiff.

78.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

79.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

80.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

81.     Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

## COUNT IV: UNPAID PREVAILING WAGE, PPWA

82. Defendants incorporate all previous paragraphs as though fully set forth herein.

8

83. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

84. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

85. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

86. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

87. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

88. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded. By way of further response, Plaintiff miscalculates the prevailing wages by incorrectly classifying the weight of machinery operated by Plaintiff.

89. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

90. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

91. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

### COUNT V: VIOLATION OF 26 U.S.C. 7434

92. Defendants incorporate all previous paragraphs as though fully set forth herein.

93. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

94. Denied.

95. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

96. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

## COUNT VI: RETALIATION, FLSA

97. Defendants incorporate all previous paragraphs as though fully set forth herein.

98. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

99. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

100. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

101. Denied.

102. Denied.

103. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded. By way of further response, Plaintiffs termination was related to poor work performance and insubordination.

104. Denied as a conclusion of law to which no response is required. To the extent factual averments are set forth herein strict proof is hereby demanded.

**WHEREFORE**, Defendants respectfully requests that judgment be entered in its favor against Plaintiff, plus costs, reasonable attorney's fees, and any other further relief that this Court may deem just and equitable under the circumstances.

## AFFIRMATIVE DEFENSES

**AND NOW**, comes Defendants which files the following affirmative defenses. It is averred that:

1. The Plaintiff's claims are barred by Plaintiff's bad faith and fair dealing.

2. The Plaintiff's claims are barred by the doctrine of estoppel.

3. The Plaintiff's claims are barred by the doctrine of release.

4. The Plaintiff's claims are barred by the doctrine of waiver.

5. The Plaintiff's claims are barred by the parol evidence rule.

6. The Plaintiff's claims are barred by assumption of risk.

7. The Plaintiff's claims are barred by failure of consideration.

8. The Plaintiff's claims are barred by contributory negligence.

9. The Plaintiff's claims are barred by the doctrine of laches.

10. The Plaintiff's claims are barred by payment.

11. The Plaintiff's claims are barred by res judicata.

12. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

13. The Plaintiff's Complaint is barred by the doctrine of accord and satisfaction.

14. The Plaintiff's Complaint is barred by the doctrine of unclean hands.

15. The Plaintiff's Complaint is barred by doctrine of setoff and recoupment.

16. The Plaintiff's Complaint is barred by the Statute of Frauds doctrine.

17. Any damages suffered by Plaintiffs were not factually or proximately caused by any act or omission of the Defendant.

18. Plaintiff is fully responsible and liable for alleged damages.

19. Plaintiff failed to mitigate its alleged damages.

20. Defendant reserves the right to amend or supplement these Affirmative Defenses based on information developed during discovery.

Respectfully Submitted,

By: *James J. Merkins*
       James J. Merkins, Esquire
       Attorney I.D. No. 89846
       21 West Third Street
       Media, PA 19063
       jjm@mmdlawfirm.com

Dated: October 25, 2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LUCA PARRILLO, on behalf of himself and : 
all persons similarly situated : 
        Plaintiff, :     Civil Action-Law
      vs. :     No: 23-636-GJP
C. GEYER CONSTRUCTION LLC, : 
C. GEYER CONSTRUCTION SERVICES, INC. : 
CRAIG GEYER : 
        Defendants. : 

## CERTIFICATION OF SERVICE

I, James J. Merkins, Esq., do hereby certify that service of a true and correct copy of the

within *DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT* was made on this 25th day of

October, 2023, to the below listed counsel through the Court's electronic filing service via ECF:

JAMES E. GOODLEY
1650 Market St., Ste. 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
ID# 315331
*Attorney for Plaintiff*


James J. Merkins
_____
James J. Merkins, Esquire
Attorney I.D. No. 89846
21 West Third Street
Media, PA 19063
jjm@mmdlawfirm.com

13